UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY TREPIAK,

    Plaintiff,

v.

NANCY A. BERRYHILL,
*Acting Commissioner of Social Security*,

    Defendant.

Case No. 16-13656
Honorable Laurie J. Michelson
Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [18]
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14] AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [13]**

Because of his gouty arthritis and hypertension, Gregory Trepiak[1] applied for disability insurance benefits under the Social Security Act. In September 2015, an administrative law judge (ALJ), acting on behalf of the Commissioner of Social Security, concluded that Trepiak was not disabled within the meaning of the Social Security Act. Trepiak appealed to this Court. The Court referred the case to Magistrate Judge Elizabeth Stafford who issued a Report and Recommendation to grant Defendant's motion for summary judgment and to deny Trepiak's motion for summary judgment. Trepiak makes two objections.

For the reasons explained below, the Court will adopt the Magistrate Judge's Report and Recommendation.

---

[1] Trepiak died during the pendency of his appeal. His counsel moved to substitute Kelly Ferland, personal representative of Trepiak's estate, as plaintiff in this matter. (R. 17.) The Magistrate Judge granted this motion and Defendant has not objected. (R. 18.)

**I.**

This Court performs a *de novo* review of those portions of Magistrate Judge Stafford's Report and Recommendation to which the parties have objected. *See* 28 U.S.C. § 636(b). The Court need not and does not perform a *de novo* review of the report's unobjected-to findings. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-cv-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

"This Court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (citation omitted). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (citation and internal quotation marks omitted). Supporting a conclusion means there is more than a "scintilla" of evidence but it need not amount to a preponderance. *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). "Even if supported by substantial evidence, however, a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

**A.**

Trepiak contends that the Magistrate Judge "did not fully address" his argument that the ALJ's finding was not supported by substantial evidence. (R. 19, PID 401–02; R. 13, PID 353–59.) Specifically, Trepiak objects to the Magistrate Judge's rejection of his argument that the ALJ's residual functional capacity (RFC) assessment was in error because the ALJ found that Trepiak

had functional limitations. (R. 19, PID 401.) Considering this argument anew, the Court reaches the same conclusion as the Magistrate Judge.

Trepiak's argument is based on two statements by the ALJ that he believes are inconsistent. (*See* R. 19, PID 402.) The first statement by the ALJ is the following: "In this case, while *I have no doubt that Claimant's impairments impose functional limitations*, it is concluded that his subjective complaints are exaggerated and not entirely credible to the extent contended through the relevant period." (R. 11, PID 70 (emphasis added).) The other statement by the ALJ: "[Trepiak] ha[s] the residual functional capacity to perform a full range of work at all exertional levels." (R. 11, PID 68.) Essentially then, Trepiak argues that if he "no doubt" had "functional limitations" then how is it that he could perform "a full range of work at all exertional levels"? (*See* R. 19, PID 402.)

Trepiak has not persuaded the Court that the ALJ's statements are inconsistent. The ALJ's "no doubt" comment was embedded in a paragraph that discussed how the other evidence in the record did not substantiate Trepiak's testimony and preceded the paragraph finding that the record as a whole "lacks evidence suggestive of a more restrictive residual functional capacity." (R. 11-2, PID 70–71.) Moreover, the ALJ never said what "functional limitations" Trepiak "no doubt" had. It may be that the ALJ believed Trepiak's functional limitations did not preclude a full range of work at all exertional levels. Trepiak offers nothing to the contrary.

And even assuming that the ALJ's two statements were inconsistent, that would at most mean that the RFC would be more limited than "a full range of work at all exertional levels." But there is a big gap between being able to do the full range of heavy, medium, and light work and being disabled under the Act. In fact, the ALJ found that even if Trepiak was limited to sedentary and unskilled work, there would still be a number of occupations with numerous jobs that he could

3

perform. (R. 11-2, PID 71–71.) Trepiak does not argue that the ALJ's comment that he had "some functional limitations" meant that his RFC was below sedentary and unskilled. He therefore has not shown any prejudice even if the ALJ's statements were internally inconsistent. *See Bowen*, 478 F.3d at 746.

In passing, Trepiak also appears to object to the Magistrate Judge's finding that he had failed to provide record evidence demonstrating a more restrictive RFC. (R. 19, PID 401–02.) The Court will assume that Trepiak is arguing that, by pointing to evidence in the record that supports a more restrictive RFC, he has established that the ALJ's decision was not supported by substantial evidence. But pointing to evidence that would support a different outcome is not sufficient to establish that a decision was not supported by substantial evidence. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997) ("The decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ."). Indeed the parts of the record that Trepiak highlights about his condition in 2012, (his diagnosis of gout, multiple joint deformities, 2015 RFC opinions that articulate multiple limitations, and testimony that his condition has been progressive—indicating that his condition in 2012 was less severe than his condition at the hearing), do appear to support both conclusions.

Trepiak's first objection is overruled.

**B.**

Trepiak's second objection is that the ALJ should have obtained a medical opinion of his residual functional capacity as of March 2012, his date last insured. (*See* R. 13, PID 356.)[2] Dr.

---

[2] The Defendant argues in its response that Trepiak's argument is waived because it is newly raised. (R. 20, PID 409.) This is incorrect as Trepiak raised the issue in his motion for summary judgment. (R. 13, PID 356.)

4

Birkel, Trepiak's treating physician, only provided an opinion on Trepiak's RFC in 2015, and despite the ALJ's request, refused to provide such an opinion of his RFC in March 2012, his date last insured. Trepiak argues that, because Dr. Birkel refused to provide the 2012 opinion, the ALJ should have ordered an exam to obtain that opinion. (*See* R. 13, PID 356.) In her Report, the Magistrate Judge found that the ALJ did not err in not ordering an additional examination. (R. 18, PID 396–97.) Trepiak objects to this conclusion and faults the ALJ for primarily basing his disability determination "upon a lack of express limitations imposed by a treating physician prior to plaintiff's date last insured." (R. 19, PID 403.) The Court agrees with the Magistrate Judge's conclusion that the ALJ did not err in not ordering the examination.

Trepiak cites 20 C.F.R. § 404.1545(a)(3) to support his argument that the ALJ could have ordered a consultative examination. (R. 13, PID 356.) That regulation states that "before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources." 20 C.F.R. § 404.1545(a)(3). So pursuant to this regulation, the ALJ must order a consultative examination only "if necessary." Trepiak appears to argue that it was necessary in his case because, without that opinion, the ALJ could not accurately determine his RFC as of the date last insured.

In *Castle v. Colvin*, 557 F. App'x 849 (11th Cir. 2014), the Eleven Circuit rejected a similar argument. In *Castle*, the Eleventh Circuit reversed the district court's decision that the RFC was based on insufficient evidence without a consultative exam. *Id*. at 851–52. Like here, there were sparse medical records on the applicant's impairment during the date last insured, and the only medical opinion was rendered years after the date last insured. *Id*. at 853. Even so, the appellate court found that the ALJ did not err in not ordering a consultative exam, and instead found that the

5

medical history, while sparse, was complete enough. *Id*. ("Because we conclude that the record was fully and fairly developed, a consultative examination was not necessary for the ALJ to make an informed decision."). According to the Eleventh Circuit, the ALJ also did not err in interpreting the relatively straightforward medical records in determining the RFC as of the date last insured. *Id*. at 853–54 ("[T]he ALJ did not 'play doctor' in assessing Mr. Castle's RFC, but instead properly carried out his regulatory role as an adjudicator responsible for assessing Mr. Castle's RFC.").

*Castle* is persuasive on the facts of this case. The ALJ had the benefit of two medical opinions of Trepiak's RFC in 2015; Trepiak's medical records from 2006 to 2015, which was well before and well after his date last insured; records from emergency room visits; and Trepiak's own testimony. (R. 11–11-7.) Trepiak does not point to any other medical records that could have been, but were not, obtained. *See Justus v. Astrue*, No. 08-49-KKC, 2009 WL 511148, at * 3 (E.D. Ky Feb. 27, 2009). And as in *Castle*, Trepiak's medical records from his date last insured were sparse and gave little affirmative indication of impairment. Given that the ALJ had all the relevant records before him, that those records were sparse, and that those records did not indicate disability, the ALJ here, like the ALJ in *Castle*, reasonably concluded that it was not "necessary" to order a consultative exam. *Id*. at 853.This objection is overruled.

## II.

For the reasons stated, having reviewed the Report and Recommendation (R. 18) and Trepiak's two objections (R. 19), the Court will ADOPT the Report denying Trepiak's motion for summary judgment (R. 13), granting the Commissioner's motion for summary judgment (R. 14), and affirming the disability determination of the Commissioner pursuant to sentence four of 42

U.S.C. § 405(g). A separate judgment will issue.

    SO ORDERED.

Dated: January 23, 2018

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
U.S. DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 23, 2018.

s/Keisha Jackson  
Case Manager